## Levi J. Merrick *vs.* Joseph Parkman.

In an action by an indorsee on a note transferred when over due, the declarations of the indorser while he held the note, may be given in evidence by the maker.

But if the maker of the note elects to call the indorser as a witness, he thereby waives his right to give his declarations in evidence.

Exceptions from the Middle District Court, Redington J. presiding.

The plaintiff brought his action as indorsee of a note, dated *July* 7, 1837, made by the defendant to *Gridley T. Parkman*, payable on demand, and by him indorsed to the plaintiff, *Oct.* 4, 1837. The defendant called *Gridley T. Parkman*, the payee, and examined him as a witness, and his testimony tended to show, that the note was given to him under such circumstances, that it could not be recovered. The plaintiff then called witnesses who testified to facts calculated to control the effect of *G. T. Parkman's* testimony. The exceptions state, that "the defendant, without pretending that his witness had made any mistake, or had stated any thing untruly, to prove admissions made by said *Gridley* relating to the consideration of the note and the circumstances under which it was given, not contradicting said *Gridley's* evidence in the case, and made while said *Gridley* held the note previous to

its transfer to the plaintiff." This evidence was objected to and the Judge ruled that it should not be admitted. To this ruling the defendant excepted.

The case was submitted without argument: —

*H. Warren,* for the defendant, merely citing *Hatch* v. *Dennis,* 1 *Fairf.* 244.

*Tenney,* for the plaintiff.

The opinion of the Court was by

SHEPLEY J. — In the case of *Hatch* v. *Dennis,* 1 *Fairf.* 244, it was decided, that the declarations of the holder of a negotiable promissory note over due might be given in evidence by the maker. And the defendant's counsel claim the benefit of that rule in this case, although he had been introduced and examined as a witness. The defendant was not obliged to introduce him and make him his witness, but having done so, the whole truth is presumed to have been extracted from him under oath. The general rule then applies, that his testimony under oath is better evidence than his declarations not under oath. The reason for the exception to the rule ceases. And the maker is no longer entitled to the benefit of it. The declarations of such a holder are allowed to be given in evidence, only, because he is supposed to be interested against the maker and to be making them against his own interest. The law therefore does not require the maker to call him, but if he elect to do so, he waives the benefit of the exception, and places himself under the operation of the general rule.

*Exceptions overruled.*